UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                              Criminal No. 18-CR-20063-01

vs.                                                      HON. BERNARD A. FRIEDMAN

DHIA SHAKIR KALASHO,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

        This matter is presently before the Court on defendant's motion for compassionate release [docket entry 79]. The government has filed a response in opposition. As there is plainly no merit to defendant's motion, the Court shall deny it without waiting for defendant to reply.

        In August 2019, the Court sentenced defendant to a 60-month prison term (the statutory mandatory minimum) after he pled guilty to distributing at least 28 grams of cocaine base.[1] At the time of sentencing, defendant was in custody on an unrelated state case. He was

---

[1] The factual basis for defendant's guilty plea is stated in ¶ 1C of the parties' Rule 11 Plea Agreement:

> From an unknown date, but no later than January 2016, until November 28, 2017, Dhia Kalasho agreed with Kennedy Smith to sell drugs in the Eastern District of Michigan. Over several years, Smith regularly obtained quantities of crack cocaine, powder cocaine, and heroin which he sold to Kalasho. Kalasho, in turn, sold these drugs to drug users. Smith commonly distributed the drugs to Kalasho at his residence, first in Detroit and then in Sterling Heights. Kalasho distributed the drugs from the same residences. Over the course of the conspiracy, the conspiracy as a whole involved more than 28 grams of crack, all

released from state custody on May 27, 2020, and apparently he has been held in Midland County Jail pending his designation to a federal facility by the Bureau of Prisons. He seeks release "in response to the Covid-19 pandemic" because he is 61 years old and has "high blood pressure [and a] hernia - need surgery, among other issues." Def.'s Mot. at 2-3. The government opposes the motion on the grounds that the risk to defendant's health is minimal and that he does not meet other requirements for compassionate release.

This Court has summarized the legal standards applicable to this motion as follows:

> The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A)(i); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).
>
> \* \* \*
>
> Section 1B1.13 of the Sentencing Guidelines is the "applicable policy statement" with which the Court must comply when considering a request for compassionate release. Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g)

---

of which was foreseeable to Kalasho.

On November 8, 2017, an undercover police officer requested more than 28 grams of crack cocaine from Kalasho. Kalasho ordered that quantity from Smith who supplied it to Kalasho at his residence as the undercover officer waited. Kalasho then sold 29 grams of crack to the undercover officer.

> and must fit within at least one of the following four categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the BOP. USSG § 1B1.13 cmt. n.1; *Austin*, 2020 WL 2507622, at *1.

*United States v. Wingo*, No. 15-20450, 2020 WL 4676388, at *1-2 (E.D. Mich. Aug. 12, 2020).

The Court has considered these factors and concludes that compassionate release would not be appropriate in this case. First, defendant has not shown that he has a medical condition (combined with his age) that places his health and safety at such great risk to constitute extraordinary and compelling reasons for release. The Centers for Disease Control and Prevention currently recognizes hypertension as a condition that "might" be a COVID-19 risk factor. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 1, 2020). The Court notes that hypertension is a common medical condition shared by over 100 million Americans, *see United States v. Colbert*, No. 99-80399, 2020 WL 3529533, at *2 (E.D. Mich. June 30, 2020), and current medical research indicates that the link between hypertension and COVID-19 is unclear. *See* https://www.acc.org/latest-in-cardiology/articles/2020/07/06/08/15/covid-19-and-hypertension (last visited Oct. 1, 2020). Therefore, the mere fact that defendant has hypertension does not put him at any particular risk. Obviously, defendant's hernia is not a risk factor.

Moreover, defendant has not shown that the risk of infection at the Midland County Jail is unacceptably high. In fact, he says nothing about the conditions he is experiencing at that facility. This Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the

type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). Defendant has shown no more than a generalized risk, not a risk that is specific to him based on his living circumstances and medical conditions.

The Court concludes that defendant has failed to show the existence of any extraordinary and compelling reason warranting his immediate release. Accordingly,

IT IS ORDERED that defendant's motion for compassionate release is denied.

                                                                   s/Bernard A. Friedman
                                                                   Bernard A. Friedman
Dated: October 2, 2020                  Senior United States District Judge
      Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 2, 2020.

Dhia Shakir Kalasho, Pris No. 911519        s/Johnetta M. Curry-Williams
105 Fast Ice Dr.                                             Case Manager
Midland, MI 48642