UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Criminal No. 18-CR-20063

vs.                                     HON. BERNARD A. FRIEDMAN

DHIA SHAKIR KALASHO,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION FOR COMPASSIONATE RELEASE**

This matter is presently before the Court on defendant's motion for compassionate release. (ECF No. 95). The government has filed a response in opposition. Defendant has not replied and the deadline for doing so has expired. Pursuant to E.D. Mich. LR 7.1(f)(1), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, who is currently incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] because of the prevalence

_____

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

of the Coronavirus within the prison and surrounding community.  (ECF No. 95, PageID.401-03).

Defendant states that his age (63) and underlying medical conditions – high blood pressure, arthritis,

a hernia, and an "undiagnose[d] lump on [his] left arm" – make him particularly vulnerable to

suffering severe symptoms should he contract COVID-19.  (*Id*., PageID.410).  Defendant further

indicates that he is serving an "excessive sentence," as the Bureau of Prisons ("BOP") has allegedly

made an error in his sentence credit calculation.  (*Id*., PageID.411).

       This is defendant's third motion for compassionate release.  The first such motion

was filed on June 5, 2020 (ECF No. 72), and the second was filed on August 24, 2020.  (ECF No.

79).  In both motions defendant sought compassionate release for essentially the same reasons cited

in the instant motion.  (ECF No. 72, PageID.254-55; ECF No. 79, PageID.278-79).  The Court

denied both motions.  The first was denied because defendant failed to exhaust his administrative

remedies prior to filing the motion (ECF No. 76, PageID.271), and the second was denied because

defendant failed to show the existence of extraordinary or compelling circumstances warranting his

immediate release.  (ECF No. 82, PageID.302).  Defendant has also filed a "motion for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 regarding inaccurate scoring of [his] sentence credit"

(ECF No. 93), which addresses the above-referenced sentence credit miscalculation.  The Court

transferred that motion to the Northern District of West Virginia, the district in which defendant is

---

warden of the defendant's facility, whichever is earlier, may
reduce the term of imprisonment (and may impose a term of
probation or supervised release with or without conditions that
does not exceed the unserved portion of the original term of
imprisonment), after considering the factors set forth in section
3553(a) to the extent that they are applicable, if it finds that—

(i)    extraordinary and compelling reasons warrant such a
reduction . . . .

2

incarcerated, as this Court does not have jurisdiction over the warden of FCI Hazelton and therefore lacks jurisdiction to adjudicate that claim.  (ECF No. 94, PageID.397).

The government opposes the instant motion on the grounds that defendant has failed to show extraordinary and compelling reasons for his release.  The government notes that (1) defendant has received two doses of the Moderna COVID-19 vaccine; (2) the Court already ruled that defendant's medical conditions are not extraordinary and compelling; (3) the Court already addressed defendant's sentence credit allegations by transferring his § 2241 motion to the Northern District of West Virginia; and (4) his release would not be consistent with the factors outlined in 18 U.S.C. § 3553(a).  (ECF No. 98, PageID.428, 432-34) (citing ECF No. 81, PageID.295-97).

The Sixth Circuit has clarified "how district courts, following the enactment of the First Step Act, should analyze defendant-filed motions seeking release under § 3582(c)(1)(A)." *United States v. Hampton*, No. 20-3649, 2021 WL 164831, at *1 (6th Cir. Jan. 19, 2021).

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions.

*Id*. (citations omitted).

The Court has considered these factors and concludes that compassionate release would not be appropriate in this case.  As the Court previously stated, "defendant has not shown that he has a medical condition (combined with his age) that places his health and safety at such great risk to constitute extraordinary and compelling reasons for release."  (ECF No. 82, PageID.301). According to the Centers for Disease Control and Prevention, one of petitioner's underlying health conditions, high blood pressure, might increase his risk of severe illness from COVID-19.  *See*

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 20, 2022).  However, defendant has not shown the risk of infection at FCI Hazelton to be unacceptably high.  The BOP currently reports twenty-three COVID-19 infections at the facility, twenty-one inmates and two staff.  *See* https://www.bop.gov/coronavirus/index.jsp (last visited Jan. 20, 2022).  This Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release."  *United States v. Gordon*, No. 11-CR-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020).

Further, defendant received two doses of the Moderna COVID-19 vaccine in 2021, the first in September and the second in October.  (ECF No. 98, PageID.428).  Defendant's "access to the COVID-19 vaccine substantially undermines his request for [compassionate release]."  *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).  The Sixth Circuit has stated that

> a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction. . . .  [Although] inmates in some respects face social distancing challenges distinct from those of the general public . . . the vaccine now significantly reduces the risks associated with COVID-19.   And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order."

*Id*. (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

As to the BOP's sentence credit calculation, this Court has already acknowledged and addressed defendant's allegations by transferring his § 2241 motion to the Northern District of West Virginia, where it remains pending.  Moreover, the Court does not find defendant's

4

sentence credit argument to be an extraordinary and compelling reason for his immediate release.

Further, due to defendant's criminal history, he does not fall within the narrow category of individuals eligible for compassionate release. In 2019, defendant pled guilty, pursuant to a Rule 11 plea agreement,[2] to one count of conspiracy to distribute more than 28 grams of crack cocaine. He was sentenced to sixty months' imprisonment to be followed by a four-year term of supervised release. The Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020). When making sentencing determinations, courts are required to consider "the nature and circumstances of the offense," § 3553(a)(1), as well as "the need for the sentence imposed . . . to promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect

---

[2] The factual basis for defendant's guilty plea is stated in ¶ 1C of the parties' Rule 11 Plea Agreement:

> From an unknown date, but no later than January 2016, until November 28, 2017, Dhia Kalasho agreed with Kennedy Smith to sell drugs in the Eastern District of Michigan. Over several years, Smith regularly obtained quantities of crack cocaine, powder cocaine, and heroin which he sold to Kalasho. Kalasho, in turn, sold these drugs to drug users. Smith commonly distributed the drugs to Kalasho at his residence, first in Detroit and then in Sterling Heights. Kalasho distributed the drugs from the same residences. Over the course of the conspiracy, the conspiracy as a whole involved more than 28 grams of crack, all of which was foreseeable to Kalasho.
>
> On November 8, 2017, an undercover police officer requested more than 28 grams of crack cocaine from Kalasho. Kalasho ordered that quantity from Smith who supplied it to Kalasho at his residence as the undercover officer waited. Kalasho then sold 29 grams of crack to the undercover officer.

the public from further crimes of the defendant."  Section 3553(a)(2)(A)-(C).  During his sentencing hearing, the Court noted defendant's extensive criminal record, including various gun- and drug-related offenses, and indicated that the sixty-month sentence imposed in this case was "both fair to him and society."  (ECF No. 85 (Sent'g Hr'g), PageID.331-32).  In particular, the Court emphasized the importance of deterrence, stating that despite defendant's advanced age and prior encounters with law enforcement, he has thus far been undeterred from violating the law.  (*Id.*, PageID.333).  Based on the facts of this case and defendant's criminal record, the Court concludes that the sentencing objectives outlined in § 3553(a) weigh strongly against early release.

Finally, defendant requests that, if his motion for compassionate release is denied, the Court recommend that he be "granted a furlough pursuant to 18 U.S.C. § 3622 . . . until the current COVID-19 public health crisis has ended."  (ECF No. 95, PageID.399).  The Court has no authority to entertain this request.  "Whether to grant a furlough under 18 U.S.C. § 3622 is within the sole discretion of the Bureau of Prisons; [c]ourts lack the authority to overrule its decision or order furlough."  *Mescall v. Hemingway*, No. 20-11110, 2020 WL 5484028, at *6 (E.D. Mich. Aug. 10, 2020).  Accordingly,

IT IS ORDERED that defendant's motion for compassionate release (ECF No. 95) is denied.

|  |  |
|---|---|
|  | s/Bernard A. Friedman |
| Dated:  January 24, 2022 | BERNARD A. FRIEDMAN |
| Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 24, 2022.

Dhia Shakir Kalasho #18549-039          s/Johnetta M. Curry-Williams
FCI HAZELTON                            Case Manager
P.O. BOX 5000
BRUCETON MILLS, WV 26525