UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                            Criminal No. 18-CR-20063

vs.                                                                    HON. BERNARD A. FRIEDMAN

DHIA SHAKIR KALASHO,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR APPOINTMENT OF COUNSEL**

       This matter is presently before the Court on defendant's motion for appointment of counsel. (ECF No. 101). Defendant is an inmate at FCI Hazelton in Bruceton Mills, West Virginia. In the instant motion, he requests the assistance of counsel "to represent him in litigating a Motion to Reduce Sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" – i.e., a motion for compassionate release. (*Id*., PageID.445). Defendant states that

> the conditions and rise of the COVID-19 [pandemic], including two re[c]ent COVID-19 death[s], his age, moderate hypertension (high blood pressure), arthritis, high cholest[e]rol, skin condition (painful lump), which he [is] being medicated for, a hernia[, etc.], [are] extraordinary and compelling reasons [that] justify his release[,] . . . [as] is the fact that he has already complete[d] his sentence.

(*Id*.) Defendant adds that he has no legal training and his facility has been experiencing increasingly frequent lock downs that hamper his ability to access the law library and his own medical records. (*Id*., PageID.445-46).

       "The appointment of counsel for postconviction proceedings is a matter of the court's discretion, not a constitutional right." *United States v. Mullins*, No. 06-20015, 2020 WL 5422300, at *3 (E.D. Mich. Sept. 10, 2020). The Court does not believe the appointment of counsel is warranted here. The Court already denied defendant's motion for compassionate

release in a January 24, 2022, opinion and order. (ECF No. 100). The Court concluded that defendant had failed to present extraordinary or compelling reasons for his immediate release, as (1) he only demonstrated a "generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it"; (2) he "received two doses of the Moderna COVID-19 vaccine in 2021"; and (3) the Court "already acknowledged and addressed defendant's [sentence credit] allegations by transferring his [28 U.S.C.] § 2241 motion to the Northern District of West Virginia, where it remains pending."[1] (*Id*., PageID.440-41). Additionally, the Court noted that "due to defendant's criminal history, he does not fall within the narrow category of individuals eligible for compassionate release." (*Id*., PageID.442). Defendant's latest motion for compassionate release was his third such motion, all three of which "sought compassionate release for essentially the same reasons" and all three of which this Court denied. (*Id*., PageID.439). The appointment of counsel would not have made defendant's bases for release more extraordinary or compelling. Finally, defendant has demonstrated, by filing motions in this matter previously, that he is capable of serving as his own advocate. Under these circumstances, appointment of counsel would not be appropriate. Accordingly,

IT IS ORDERED that defendant's motion for appointment of counsel is denied.

Dated: January 31, 2022
      Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Further, the Court appointed an attorney to assist defendant in litigating his § 2241 motion. (ECF No. 84).

**<u>CERTIFICATE</u> <u>OF</u> <u>SERVICE</u>**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 31, 2022.

| | |
|---|---|
| Dhia Shakir Kalasho, #18549-039<br>FCI HAZELTON<br>P.O. BOX 5000<br>BRUCETON MILLS, WV 26525 | <u>s/Johnetta M. Curry-Williams</u><br>Case Manager |