UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Criminal Case No. 18-20063

DHIA SHAKIR KALASHO,         Sean F. Cox
                                                 United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S FOURTH
MOTION FOR COMPASSIONATE RELEASE (ECF NO. 138)**

In this case, Defendant Dhia Shakir Kalasho ("Defendant") was convicted of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. The matter is before the Court on what is now Defendant's fourth motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

In this criminal action, Defendant was charged with various drug offenses. The case was originally assigned to the Honorable Bernard Friedman.

Defendant ultimately pleaded guilty to one count of conspiracy to distribute more than 28 grams of crack. Judge Friedman sentenced Defendant to a 60-month term of imprisonment, to be followed by a four-year term of supervised release. (*See* Judgment, ECF No. 71). Judge

1

Friedman advised Defendant that Defendant would be on a "zero tolerance" form of supervised release. (*Id*. at PageID. 251).

While serving his sentence, Defendant filed several motions for compassionate release, that were all denied by Judge Friedman. (*See* ECF No. 100 at PageID.439) (Noting "[t]his is defendant's third motion for compassionate release."). In Judge Friedman's Opinion and Order denying Defendant's third motion for compassionate release, he concluded an evaluation of the § 3553 factors weighed strongly against release:

> The Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020). When making sentencing determinations, courts are required to consider "the nature and circumstances of the offense," § 3553(a)(1), as well as "the need for the sentence imposed . . . to promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." Section 3553(a)(2)(A)-(C). During his sentencing hearing, the Court noted defendant's extensive criminal record, including various gun- and drug-related offenses, and indicated that the sixty-month sentence imposed in this case was "both fair to him and society." (ECF No. 85 (Sent'g Hr'g), PageID.331-32). In particular, the Court emphasized the importance of deterrence, stating that despite defendant's advanced age and prior encounters with law enforcement, he has thus far been undeterred from violating the law. (*Id.,* PageID.333). Based on the facts of this case and defendant's criminal record, the Court concludes that the sentencing objectives outlined in § 3553(a) weigh strongly against early release.

(ECF No. 100 at PageID443).

Defendant was released from the Bureau of Prisons and began his four-year term of supervised release on September 6, 2023. A few months later, Defendant tested positive for cocaine. Judge Friedman ultimately found Defendant had violated his supervision and sentenced Defendant to 21 months of imprisonment. (*See* ECF No. 121, 4/26/24 Judgment on Supervised Release Violation).

Notably, at the time that he imposed sentence, Judge Friedman was aware that Defendant's brother, Tahrir Kalasho, suffers from various health conditions and that Defendant had been assisting him with his care. That is because, prior to sentencing, Tahrir sent the Court a letter regarding those issues. In addition, Defendant had advised the probation department that his brother receives social security disability income and that Defendant assisted his brother with various tasks.

On May 29, 2024, this criminal case was reassigned to the undersigned judge. (*See* ECF No. 129).

Acting through counsel, Defendant filed the instant motion seeking compassionate release. (ECF No. 138). The Government opposes the motion on the merits. The motion has been fully briefed.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling

reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

Here, Defendant argues that his request for compassionate release should be granted because his brother Tahrir suffers from various health issues and needs Defendant to help care for him. In support of his request, Defendant submitted no medical records but did submit a letter from a physician who recommends that Tahrir Kalasho receive attendant care for 12 hours daily. (ECF No. 138-3). Defendant also submitted a letter from Tahrir that states he is "in dire need of assistance from my brother" as "no one is willing" to provide him assistance without high costs. (ECF No. 138-5).

Notably, however, the sentencing court (Judge Friedman) was aware of Tahrir's medical condition at the time of sentencing Defendant for his supervised release violations. *See, e.g., United States v. Burlingame*, 586 F.Supp.3d 705, 710 (E.D. Mich. 2021) (Facts that existed at the time of a defendant's sentencing cannot be an extraordinary and compelling reason for a later sentence reduction.). And, as the Government notes in its response, neither Defendant nor Tahrir's physician assert that Tahrir's medical conditions have worsened since that time.

Defendant has not persuaded this Court that his brother's condition is an extraordinary and compelling circumstance that warrants Defendant's early release.

Early release may be warranted if a defendant's immediate family member, including a sibling, is "incapacitat[ed]" and the defendant is the only available or suitable caregiver. § 1B1.13(b)(3); *see also United States v. Mathews,* 2023 WL 5924411, at *3 (S.D. Ohio 2023) (Explaining that the defendant bears the burden to make the showing that other potential caregivers are not available). In evaluating such incapacitation claims, district courts within the

Sixth Circuit have looked to Bureau of Prison ("BOP") guidelines for handling inmate compassionate release requests based on the alleged incapacitation of a family members. *See, eg. United States v. Peguero*, 2024 WL 4112337 (W.D. Ky. 2024). In that case, the district court explained:

> In evaluating "incapacitation," courts have looked to the BOP guidelines for handling inmate compassionate release requests based on the incapacitation of a family member. *See, e.g., United States v. Walker*, 2024 U.S. Dist. LEXIS 25188, at *8 (D.N.J. Feb. 13, 2024); (*United States v. Collins*, 2020 U.S. Dist. LEXIS 5001, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020). The BOP guidelines have defined incapacitation as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the [individual] ... is completely disabled, meaning that the [individual] ... cannot carry on any self-care and is totally confined to a bed or chair." *Walker*, 2024 U.S. Dist. LEXIS 25188, at *8 (quoting *Collins*, 2020 WL 136859) (citing BOP Program Statement § 5050.502)). When evaluating the incapacitation, adequate information and documentation should be provided including, but not limited to, a statement and verifiable medical documentation regarding incapacitation, a statement and letters of documentation that the inmate is the only family member capable of caring for the family member, and a statement and documentation regarding the inmate's release plan. *Collins,* 2020 WL 136859, at *4 citing *United States v. Gutierrez*, 2019 WL 2422601, at *3 (D.N.M. 2019) and BOP Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at *1).

*Id.* at *4.

According to Tahrir's own letter, he is able to leave the house most days and does not claim to be bed-ridden. (*See* ECF No. 138-5 at PageID.604) ("Some days I am unable to leave the house since I may not have needed assistance.").

Thus, this Court concludes that Defendant has not established "extraordinary and compelling" reasons for a sentence reduction.

In addition, this Court concludes that a consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v.*

*Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

As Judge Friedman and the magistrate judges involved in this case have noted, Defendant has a lengthy, dangerous, and troubling criminal history. Magistrate Judge Anthony Patti noted:

> (1) Defendant has an extensive criminal history, going back to the 1970s, and has served at least five prior jail terms, seven prior prison terms and five terms of probation ; (2) He has 5 pending warrants for failure to appear; (3) He has a capias history; (4) He has been in trouble with the law for his entire adult life, except when incarcerated, and has turned back to crime repeatedly upon his release, as will as committing crimes while on bond; (5) He has multiple prior convictions for delivery of controlled substances and recently distributed fentanyl; (6) He appears to be undeterred by past convictions and bond conditions; (7) He resisted arrest; (8) He has two prior convictions involving firearms.

(ECF No. 7 at PageID.13). And that pattern continued when Defendant was released from prison and then violated the conditions of his supervised release within just a few months.

Simply stated, this Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Compassionate Release is DENIED.

IT IS SO ORDERED.

Dated: May 15, 2025         s/Sean F. Cox
                            Sean F. Cox
                            U. S. District Judge

I hereby certify that on May 15, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/Caitlin Shrum
Case Manager
